■ FRANCES LAGANA, Also Known as FRANCES RAGUSA, Appellant, v BRUCE H. WILLNER, Respondent. [699 NYS2d 452] —In an action to recover damages for legal malpractice, the plaintiff appeals (1) from a judgment of the Supreme Court, Kings County (Vaccaro, J., on decision; Demarest, J., on judgment), dated July 28, 1997, which, upon the plaintiff's inability to present a prima facie case at trial, is in favor of the defendant and against her dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court (Demarest, J.), dated November 5, 1997, as, upon reargument, adhered to the original determination dismissing the complaint.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order, made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

In the instant action to recover damages for legal malpractice, commenced in 1992, the plaintiff alleged that the defendant committed legal malpractice when he failed to take an appeal from a judgment entered against her in 1991, and failed to advise her of her right to appeal.

In 1996, after jury selection was completed, the plaintiff informed the court and her adversary that she could not prove that reversible error had been committed in the underlying action because the stenographic minutes of the trial in the underlying action had been destroyed. There is no evidence that the plaintiff took reasonable steps to preserve that evidence of her claim (*see,* Judiciary Law § 297; *Matter of Ragland v New York City Hous. Auth.,* 201 AD2d 7). Nor is there any other evidence or even allegation that would indicate that had an appeal been taken, the plaintiff would have prevailed. Accordingly, the instant action was properly dismissed (*see, Davis v Klein,* 88 NY2d 1008). Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.