■ ALLAN M. ROBBINS, M.D., Appellant, v HARRIS BEACH & WILCOX, LLP, et al., Respondents. [737 NYS2d 486] —Appeal from an order of Supreme Court, Monroe County (Siracuse, J.), entered February 6, 2001, which granted defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendants' motion in part and reinstating the second cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff, an ophthalmologist, commenced this action asserting, inter alia, a cause of action for legal malpractice arising out of defendants' representation of plaintiff in connection with the transfer of the assets of a professional corporation owned by plaintiff and James V. Aquavella, M.D. to EquiVision, Inc. (EquiVision), a management company. Equi Vision was to manage an ophthalmologic medical practice, to be owned and operated by Urban Oncology Services, P.C. (Urban), and plaintiff and Aquavella were each to be employed

as ophthalmologists by Urban. Following discovery, Supreme Court granted defendants' motion seeking summary judgment dismissing the complaint.

We note at the outset that plaintiff does not address on appeal the propriety of the court's dismissal of the first cause of action, for "conflict of interest," and the third cause of action, for breach of contract, and thus any issue with respect to those causes of action is deemed abandoned (see, Ciesinski v Town of Aurora, 202 AD2d 984). We conclude, however, that the court erred in granting that part of defendants' motion seeking summary judgment dismissing the second cause of action for legal malpractice. In granting the motion with respect to that cause of action, the court concluded that "there is no proof in admissible form that [plaintiff] was damaged by any malpractice on the part of the defendants." That was error. "For a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements of a malpractice cause of action" (Ippolito v McCormack, Damiani, Lowe & Mellon, 265 AD2d 303, 303), i.e., "that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by members of the legal community, that the attorney's negligence was a proximate cause of the loss sustained by his client, and that the client incurred damages as a direct result of the attorney's actions" (Attonito v La Mirage of Southampton, 276 AD2d 454). Here, defendants failed to meet their initial burden (cf., Oot v Arno, 275 AD2d 1023, 1024), and thus the burden never shifted to plaintiff (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324; Brown v Aurora Sys., 251 AD2d 1040). Specifically, defendants failed to present evidentiary proof in admissible form establishing that they were not negligent and that any alleged negligence was not a proximate cause of damages to plaintiff with respect to plaintiff's allegations that defendants failed to ensure that plaintiff had a direct contractual relationship with EquiVision; approved an "illegal" contract; failed to protect against transfers of EquiVision or its assets; failed to undertake "due diligence"; and failed to require that the employment contract with Urban include the provision that illegal conduct by EquiVision and/or Urban would vitiate plaintiff's covenant not to compete. Thus, we conclude that defendants failed to establish their entitlement to judgment as a matter of law with respect to the second cause of action, regardless of the sufficiency of the opposing papers (see, Brown v Aurora Sys., supra, at 1040-1041; Pizzuto v Poss [appeal No. 1], 198 AD2d 910).

We further conclude that the alternative grounds for affirmance asserted by defendants are without merit. Contrary to defendants' contention, plaintiff has standing because, in addition to representing the professional corporation, defendants represented plaintiff in his individual capacity. Further, plaintiff's general release in favor of EquiVision and its successor, EquiMed, Inc., was not intended to and thus did not release any claim against defendants (*see, Cahill v Regan,* 5 NY2d 292, 299; *Long Is. Pipe Fabrication & Supply Corp. v S & S Fire Suppression Sys.,* 226 AD2d 1136; *Lefrak SBN Assoc. v Kennedy Galleries,* 203 AD2d 256, 257). Finally, the court properly dismissed the claim for punitive damages. Plaintiff has alleged no facts demonstrating that defendants' alleged malpractice evinced the requisite high degree of moral turpitude or wanton dishonesty (*see, Bothmer v Schooler, Weinstein, Minsky & Lester,* 266 AD2d 154; *Walker v Stroh,* 192 AD2d 775, 776).

We therefore modify the order by denying defendants' motion in part and reinstating the second cause of action. Present—Green, J.P., Hurlbutt, Kehoe and Gorski, JJ.