■ PAULA J. POTTER et al., Appellants, v MICHAEL A. POLOZIE et al., Respondents. [757 NYS2d 418] —Appeal from an order of Supreme Court, Monroe County (Doran, J), entered May 9, 2002, which granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint in this legal malpractice action. Plaintiffs retained defendants to assist them in their efforts to obtain long-term disability benefits for Michael G. Potter (plaintiff). By the time of their first meeting with defendants, plaintiffs had been advised by the company managing the disability benefits for plaintiff's employer that long-term benefits had been denied and that plaintiff had 60 days in which to submit further information for review. The complaint alleges that defendants failed to provide certain medical records and reports to the company within the 60-day period, resulting in the denial of plaintiff's benefits.

In order to establish their entitlement to judgment as a matter of law, defendants had to present evidence in admissible form establishing that plaintiffs are unable to prove at least one necessary element of a legal malpractice action (*see Robbins v Harris Beach & Wilcox,* 291 AD2d 797, 798 [2002]). Here,

defendants submitted an affidavit of a vice-president at the company managing the disability benefits stating that, had the medical records and reports been timely submitted, plaintiff's claim for benefits would nevertheless have been denied. Thus, defendants thereby met their burden on the motion by establishing that plaintiffs are unable to prove that they would have been successful on the underlying claim but for defendants' negligence, an essential element of a legal malpractice action (*see generally McKenna v Forsyth & Forsyth*, 280 AD2d 79, 80 [2001], *lv denied* 96 NY2d 720 [2001]). We further conclude, however, that plaintiffs raised an issue of fact by their expert's affidavit, in which the expert opined that plaintiff would have received benefits if the medical records and reports had been timely submitted. Contrary to defendants' contention, the opinions of plaintiffs' expert were based upon his interpretation of the records and deposition testimony in the action and were not speculative (*see generally Romano v Stanley*, 90 NY2d 444, 451-452 [1997]). Defendants' further contention that plaintiffs' expert mischaracterized the contents of the medical records and reports that were not timely submitted as "new information" goes to the weight and credibility of the expert's opinions and is not a proper basis for determining a motion for summary judgment. On such a motion, the court's function is issue finding, not issue determination (*see generally Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333 [1984], *affd* 65 NY2d 732 [1985]). We therefore reverse the order, deny the motion and reinstate the complaint. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.