██ KAREN RIGBY, Respondent-Appellant, v DAVID SHARE ASSOCIATES et al., Appellants, and LEONARD LONDON, Respondent. [778 NYS2d 578]—

Appeals from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered November 3, 2003. The order denied the motion of defendants David Share Associates and David Share, individually, for summary judgment dismissing the complaint against them and granted the motion of defendant Leonard London for summary judgment dismissing the complaint against him in a legal malpractice action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages arising from the dismissal of her personal injury action pursuant to CPLR 3216 as the alleged result of defendants' legal malpractice. Supreme Court properly denied the motion of defendants David Share and David Share Associates (collectively, Share defendants) seeking summary judgment dismissing the complaint against them. Those defendants failed to meet their burden of establishing as a matter of law that they were not negligent in failing to serve the note of issue in a timely manner or to make an adequate showing of merit in response to the CPLR 3216 motion. Nor did the Share defendants establish that plaintiff is unable to prove that she would have been successful in the underlying action but for the negligence of the Share defendants (*see generally McKenna v Forsyth & Forsyth*, 280 AD2d 79, 82 [2001], *lv denied* 96 NY2d 720 [2001]; *cf. Potter v Polozie*, 303 AD2d 943, 944 [2003]). In any event, plaintiff submitted proof sufficient to raise triable issues of fact whether the Share defendants were negligent and whether their negligence proximately caused her loss (*see Potter*, 303 AD2d at 944).

The court properly granted the motion of defendant Leonard London seeking summary judgment dismissing the complaint against him. London submitted proof establishing that he had no attorney-client relationship with plaintiff (*see Volpe v Canfield*, 237 AD2d 282, 283 [1997], *lv denied* 90 NY2d 802 [1997]; *C.K. Indus. Corp. v C.M. Indus. Corp.*, 213 AD2d 846, 847-848 [1995]) and that, in any event, any negligence on his part was not a proximate cause of plaintiff's loss (*see Perks v Lauto & Garabedian*, 306 AD2d 261, 262 [2003]). Plaintiff, in response to London's motion, failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.