■ DOROTHY OWENS, Respondent, v NIAGARA FALLS COACH LINES, Appellant, et al., Defendant. [791 NYS2d 805]—

Appeal from an order of the Supreme Court, Niagara County (Sara S. Sperrazza, A.J.), entered August 4, 2004. The order, insofar as appealed from, denied the motion of defendant Niagara Falls Coach Lines for summary judgment dismissing the complaint and cross claim against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries sustained when a bus in which she was a passenger hit a pothole and the resultant jolt caused her to strike her head. Supreme Court properly denied the motion of Niagara Falls Coach Lines (defendant) for summary judgment because defendant did not make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The evidence submitted by defendant established that the bus driver had no recollection of the incident, and defendant did not offer proof from any of the other passengers regarding whether the bus passengers were subjected to a violent and unusual shift during the ride. "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez*, 68 NY2d at 324). Even had defendant made the requisite showing, plaintiff raised an issue of fact whether the jolt of the bus was " 'unusual and violent' " (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995];

*see generally Richter v Trailways of New England,* 28 AD2d 737 [1967]). Plaintiff, in her deposition, testified as to the tremendous force of the jolt, which caused her head to slam into the right side window and then caused her to jerk to the left, and also caused the other passengers to yell. Plaintiff complained to coworkers very shortly thereafter that she had pain rushing down her neck. In her affidavit, plaintiff indicated that she has undergone two vertebral fusion surgeries in her neck as a result of the violent jolt. Plaintiff has thus sustained her burden of raising an issue of fact requiring trial (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.