■ SHARON J. GIARDINA, Appellant, v RICHARD J. LIPPES et al., Respondents. [824 NYS2d 834]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered March 4, 2005 in a legal malpractice action. The order, among other things, granted in part defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion with respect to the underlying tachycardia claim and reinstating that claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for defendants' alleged legal malpractice in representing her in an action to recover for injuries she allegedly sustained based on the application of toxic substances, including pesticides, on her lawn. We conclude that Supreme Court erred in granting that part of defendants' motion for summary judgment dismissing the complaint with respect to plaintiff's underlying tachycardia claim, and we therefore modify the order accordingly. "In order to establish their entitlement to judgment as a matter of law, defendants had to present evidence in admissible form establishing that plaintiff[ ] [is] unable to prove

at least one necessary element of a legal malpractice action" (*Potter v Polozie*, 303 AD2d 943, 943 [2003]). Here, defendants failed to submit evidence in admissible form establishing that any alleged negligence on their part was not a proximate cause of damages with respect to plaintiff's underlying tachycardia claim (*see id.* at 944). Although plaintiff suffered from tachycardia prior to April 11, 1988, the only date of her alleged exposure to toxic substances not barred by the statute of limitations for the underlying action, it is well settled that aggravation of a preexisting condition is actionable (*see Owen v Rochester-Penfield Bus Co.*, 304 NY 457, 461 [1952]; *Martin v Volvo Cars of N. Am.*, 241 AD2d 941, 943 [1997]). The failure of defendants to meet their initial burden of establishing as a matter of law that plaintiff's underlying tachycardia claim was wholly unrelated to plaintiff's alleged exposure to toxic substances on April 11, 1988 requires denial of that part of their motion with respect to that underlying claim, regardless of the sufficiency of plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Owens v Niagara Falls Coach Lines*, 16 AD3d 1164 [2005]). We have examined plaintiff's remaining contention and conclude that it is lacking in merit. Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.