In the Matter of DAVID CADY, Appellant, v COUNTY OF ONEIDA et al., Respondents. [831 NYS2d 90]—Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oneida County (John W. Grow, J.), entered May 31, 2006 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Gorski, Fahey, Peradotto and Green, JJ.

ANTHONY S. PIGNATARO, Appellant, v BRIAN R. WELSH et al., Respondents. [834 NYS2d 917]—

Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered December 14, 2005 in a legal malpractice action. The judgment granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action against defendant Brian R. Welsh, the attorney who represented him in a matrimonial action, and defendant Siegel, Kelleher & Kahn, Welsh's law firm. Plaintiff alleged, inter alia, that Welsh engaged in negligent and improper conduct in connection with the appointment of a custodian for certain accounts established for plaintiff's children. Supreme Court properly granted defendants' motion seeking summary judgment dismissing the complaint. "In order to establish their entitlement to judgment as a matter of law, defendants had to present evidence in admissible form establishing that [plaintiff is] unable to prove at least one [of the] necessary element[s] of a legal malpractice action" (*Potter v Polozie*, 303 AD2d 943, 943 [2003]), i.e., "that [defendants] failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by members of the legal community, that [their] negligence was a proximate cause of the loss sustained by [plaintiff], and that [plaintiff] incurred damages as a direct result of [defendants'] actions" (*Attonito v La Mirage of Southampton*, 276 AD2d 454, 454 [2000]). Here, defendants met their burden with respect to each necessary element, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, J.P., Gorski, Peradotto and Green, JJ.