■ PHILIP D. RUPERT, JR., Appellant, v GATES & ADAMS, P.C., et al., Respondents. (Appeal No. 1.) [852 NYS2d 536]—

Appeal from an order of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), entered September 5, 2006 in a legal malpractice action. The order denied the petition for declaratory relief and summary judgment and granted the cross motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the cross motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action alleging, inter alia, that defendants were negligent in

representing him during the trial of a matrimonial action and on a subsequent appeal. Contrary to the contention of plaintiff, Supreme Court properly denied his "petition" seeking, inter alia, summary judgment on the complaint (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that plaintiff met his initial burden by submitting evidence that defendants failed to obtain plaintiff's informed consent before pursuing an unsuccessful appellate strategy, we conclude that defendants raised a triable issue of fact by submitting evidence that they obtained plaintiff's informed consent with respect to their appellate strategy (*see generally id.*).

We agree with plaintiff, however, that the court erred in granting defendants' cross motion seeking summary judgment dismissing the complaint, and we therefore modify the order accordingly. " 'In order to establish their entitlement to judgment as a matter of law, defendants had to present evidence in admissible form establishing that [plaintiff is] unable to prove at least one [of the] necessary element[s] of a legal malpractice action' . . . , i.e., 'that [defendants] failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by members of the legal community, that [their] negligence was a proximate cause of the loss sustained by [plaintiff], and that [plaintiff] incurred damages as a direct result of [defendants'] actions' " (*Pignataro v Welsh*, 38 AD3d 1320 [2007], *lv denied* 9 NY3d 849 [2007]; *see Robbins v Harris Beach & Wilcox*, 291 AD2d 797, 798 [2002]). We conclude that defendants failed to meet their initial burden because they failed to address in their moving papers the allegations of plaintiff that defendants were negligent in representing him during the trial of the matrimonial action. Defendants thus failed to establish that plaintiff would be unable to prove at least one of the elements of legal malpractice concerning the alleged negligence during trial (*see Robbins*, 291 AD2d at 798; *see generally Zuckerman*, 49 NY2d at 562). Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.