Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 17, 2007 in a legal malpractice action. The order granted the motion of defendants for summary judgment and dismissed the complaint.
*1178 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging that defendants committed legal malpractice by failing to take an appeal from an order granting the cross motion of the Town of Tonawanda (Town) for summary judgment dismissing the complaint against it in plaintiffs underlying Labor Law action. We conclude that Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint in this legal malpractice action. Defendants met their initial burden by “establishing that [plaintiff is] unable to prove at least one [of the] necessary elements] of a legal malpractice action . . . , i.e., that [defendants] failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by members of the legal community, that [their] negligence was a proximate cause of the loss sustained by [plaintiff], and that [plaintiff] incurred damages as a direct result of [defendants’] actions” (Rupert v Gates & Adams, P.C., 48 AD3d 1221, 1222 [2008] [internal quotation marks omitted]). Plaintiff failed to raise a triable issue of fact inasmuch as he “did not set forth the requisite factual allegations demonstrating that, but for defendants’ alleged negligence, there would have been a more favorable outcome in the underlying action” (Ellsworth v Foley, 24 AD3d 1239 [2005], lv denied 6 NY3d 712 [2006]; see generally Williams v Kublick, 302 AD2d 961 [2003]), i.e., he failed to raise an issue of fact whether he would have prevailed on an appeal with respect to the dismissal of the complaint in the underlying action against the Town (see Lagana v Willner, 267 AD2d 210 [1999]; see also Senise v Mackasek, 227 AD2d 184, 185 [1996]). Indeed, the record establishes that the Town was not liable under the Labor Law because it was not the owner of the property where plaintiff was working, nor was it an agent of the owner because it did not have the authority to supervise and control the work (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 292-293 [2003]; Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-318 [1981]; Caradori v Med Inn Ctrs. of Am., 5 AD3d 1063, 1064 [2004]; Sikorski v Springbrook Fire Dist. of Town of Elma, 225 AD2d 1041 [1996]).
We reject plaintiff’s contention that defendants’ motion should have been denied because the notice of motion did not “specify the time and place of the hearing on the motion” (CPLR 2214 [a]). On the same day on which they filed the motion, defendants sent correspondence to plaintiff in which they notified him of the time and place of the hearing on the motion. Plaintiff has thus failed to establish that he was prejudiced by *1179 the omission of the return date on the notice of motion, and the omission therefore should be disregarded (see Matter of Venner, 235 AD2d 805, 806 [1997]; see generally Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors, 213 AD2d 103, 105 [1995]). Likewise without merit is plaintiffs contention that the court should have denied defendants’ motion as premature (see CPLR 3212 [f]). Plaintiff failed to establish that facts essential to oppose the motion were in defendants’ possession, and a “mere hope” that discovery will disclose evidence to prove plaintiffs case is insufficient to defeat the motion (Ramesar v State of New York, 224 AD2d 757, 759 [1996], lv denied 88 NY2d 811 [1996]; see Wright v Shapiro, 16 AD3d 1042, 1043 [2005]). Finally, in the absence of a cross appeal by defendants, we do not consider their contention that they are entitled to attorney’s fees. Present — Martoche, J.P, Smith, Centra, Peradotto and Pine, JJ.