■ SHARON J. GIARDINA, Appellant, v RICHARD J. LIPPES et al., Doing Business as ALLEN, LIPPES & SHONN, et al., Respondents. [909 NYS2d 602]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered August 4, 2009 in a legal malpractice action. The order granted defendants' motion for summary judgment and dismissed the complaint in its entirety.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action, alleging that defendants, who represented her in the

underlying toxic tort action, failed to comply with an order directing her to serve the defendants in the underlying action with her expert disclosure by a specified date. According to plaintiff, Supreme Court granted the motion of those defendants for summary judgment dismissing the complaint in its entirety based on plaintiff's failure to meet the deadline for expert disclosure.

Plaintiff contends that, because the defendants in this legal malpractice action previously moved for summary judgment dismissing the complaint on a different ground and prevailed only in part (*Giardina v Lippes*, 34 AD3d 1220 [2006]), their present motion for summary judgment dismissing the remainder of the complaint should have been denied. We reject that contention. Although successive summary judgment motions generally are disfavored absent newly discovered evidence or other sufficient cause (*see Sexstone v Amato*, 8 AD3d 1116 [2004], *lv denied* 3 NY3d 609 [2004]; *Town of Wilson v Town of Newfane*, 192 AD2d 1095 [1993]), neither Supreme Court nor this Court is precluded from addressing the merits of such a motion (*see McIvor v Di Benedetto*, 121 AD2d 519, 522 [1986]).

In order to prevail on a motion for summary judgment seeking dismissal of a complaint for legal malpractice, a defendant must establish that the plaintiff is unable to prove at least one necessary element of the legal malpractice action, i.e., that the plaintiff is unable to prove that he or she "would have been successful on the underlying claim but for [the defendant's] negligence" (*Potter v Polozie*, 303 AD2d 943, 944 [2003]). Here, defendants met their burden of establishing that plaintiff would not have been successful on the underlying claim by submitting the affidavit of an expert who stated to a reasonable degree of medical certainty that there was no evidence to support the allegation of plaintiff that her injuries were caused by her exposure to a lawn care product. Plaintiff failed to raise an issue of fact with respect to the lack of causation, inasmuch as her expert simply made "subjective and conclusory" assertions with respect to causation in his affidavits (*Parker v Mobil Oil Corp.*, 7 NY3d 434, 449 [2006], *rearg denied* 8 NY3d 828 [2007]). Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.