# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**249**
**CA 10-02291**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

PHILIP D. RUPERT, JR., PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

GATES & ADAMS, P.C., DOUGLAS S. GATES,
ANTHONY J. ADAMS, JR., AND MICHAEL J. TOWNSEND,
DEFENDANTS-RESPONDENTS.

---

ALFRED P. KREMER, ROCHESTER, FOR PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (ROBERT M. SHADDOCK OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (James
P. Murphy, J.), entered August 20, 2010 in a legal malpractice action.
The order granted the motion of defendants for summary judgment
dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the amended complaint, as amplified by the bill of
particulars and supplemental bill of particulars, against defendants
Gates & Adams, P.C. and Douglas S. Gates concerning their
investigation and valuation of plaintiff's separate property, their
investigation of the payment of the sum of $315,000 relative to a note
held by plaintiff and their investigation of the deposit by plaintiff
of approximately $60,000 in pension monies into a joint account and as
modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this legal malpractice action
alleging, inter alia, that defendants were negligent in representing
him during the trial of a matrimonial action and on a subsequent
appeal.  In a prior appeal concerning the instant legal malpractice
action, we determined, inter alia, that Supreme Court (Sirkin, J.)
erred in granting defendants' cross motion seeking summary judgment
dismissing the complaint (*Rupert v Gates & Adams, P.C.*, 48 AD3d 1221).
In this appeal, we conclude that Supreme Court (Murphy, J.) erred in
granting those parts of defendants' subsequent motion for summary
judgment dismissing the amended complaint against defendants Gates &
Adams, P.C. and Douglas S. Gates insofar as the amended complaint, as
amplified by the bill of particulars and what we deem to be a
supplemental bill of particulars, alleges that those two defendants
were negligent in their representation of plaintiff in the matrimonial
action with respect to their investigation and valuation of

plaintiff's separate property; their investigation of the payment of the sum of $315,000 relative to a note held by plaintiff; and their investigation of the deposit by plaintiff of approximately $60,000 in pension monies into a joint account. We therefore modify the order accordingly. We agree with defendants Anthony J. Adams, Jr. and Michael J. Townsend to the extent that they contend, as an alternate ground for affirmance with respect to them (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546; *Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130), that they cannot be held liable because they were not negligent in their limited involvement with the matrimonial action (*see* Business Corporation Law § 1505 [a]). We therefore conclude that the court did not err insofar as it granted summary judgment dismissing the amended complaint against those two defendants.

As a threshold issue, we reject plaintiff's contention that the court erred in entertaining defendants' present motion for summary judgment. Although plaintiff is correct that successive motions for summary judgment are generally disfavored (*see Giardina v Lippes*, 77 AD3d 1290, 1291, *lv denied* 16 NY3d 702), here much of the discovery relevant to the instant motion was conducted after defendants' prior cross motion for summary judgment, and there was thus a sufficient basis for the instant motion (*see id.; Taillie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1809-1810). There is no merit to plaintiff's further contention that the affidavit submitted by the attorney for defendants, to which various exhibits were attached, was insufficient to support the motion (*see* CPLR 3212 [b]; *Rivas v Metropolitan Suburban Bus Auth.*, 203 AD2d 349, 350).

Plaintiff further contends that the court erred in concluding that it was required to grant defendants' instant motion on the ground that the prior determination of Justice Sirkin that plaintiff's failure to perfect an appeal from the final judgment in the matrimonial action barred this legal malpractice action was the law of the case. We agree with plaintiff. Although our decision in the prior appeal does not so indicate (*Rupert*, 48 AD3d 1221), the issue whether this legal malpractice action is barred by plaintiff's failure to perfect an appeal from the judgment in the matrimonial action was before us on that appeal. As previously noted, we determined that Justice Sirkin erred in granting defendants' cross motion for summary judgment dismissing the complaint (*id.*). In so ruling on the merits of the cross motion, we necessarily rejected the very premise upon which the court denied the instant motion for summary judgment and, although the doctrine of law the case applies to courts of coordinate jurisdiction, it does not apply herein in light of the decision of this Court on the prior appeal (*see generally Matter of El-Roh Realty Corp.*, 74 AD3d 1796, 1798).

Addressing next those parts of the motion seeking summary judgment dismissing the amended complaint against Gates & Adams, P.C. and Douglas S. Gates (hereafter, defendants), we conclude that the vast majority of the allegations of legal malpractice in the amended complaint, as amplified by the bill of particulars and supplemental bill of particulars, are lacking in merit. Indeed, defendants met

their initial burden on the motion with respect thereto, and plaintiff failed to raise an issue of fact in opposition (*see Pignataro v Welsh*, 38 AD3d 1320, *lv denied* 9 NY3d 849; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Although certain allegations of malpractice have merit, they do not warrant the reinstatement of the amended complaint with respect to them.  Specifically, plaintiff is correct that defendants erred in failing to contend in the matrimonial action that the court in that action should not value the entire contents of $54,725 in household goods as an asset of plaintiff and should not double-count an assessment of moving expenses levied against plaintiff.  In addition, defendants failed to obtain a proper valuation of certain Canadian real property owned by plaintiff. Nevertheless, we conclude that the court did not err in granting defendants' motion concerning those alleged errors because they could have been corrected on an appeal from the final judgment in the matrimonial action, and plaintiff consented to the dismissal on the merits of any appeal in the matrimonial action as part of the global settlement resolving a bankruptcy proceeding in which he was involved. In doing so, plaintiff precluded pursuit of the very means by which defendants' representation of plaintiff in the matrimonial action could have been vindicated (*see e.g. Rodriguez v Fredericks*, 213 AD2d 176, 178, *lv denied* 85 NY2d 812; *cf. N. A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy*, 59 AD2d 551, *affd* 45 NY2d 730, *rearg denied* 45 NY2d 839).  We therefore conclude that plaintiff, by virtue of his global settlement, waived the right to raise those shortcomings in this legal malpractice action.

We further conclude, however, that the foregoing waiver analysis does not apply with respect to plaintiff's aforementioned claims that defendants were negligent with respect to the investigation and valuation of plaintiff's separate property, their investigation of the payment of the sum of $315,000 relative to a note held by plaintiff, and their investigation of the deposit by plaintiff of approximately $60,000 in pension monies into a joint account.  Defendants failed to meet their initial burden on those parts of the motion concerning those claims (*see Pignataro*, 38 AD3d 1320; *see generally Zuckerman*, 49 NY2d at 562).  The waiver analysis based on plaintiff's global settlement does not apply to those purported deficiencies in defendants' representation of plaintiff in the matrimonial action because the appeal from the final judgment in the matrimonial action would not have permitted defendants or substitute counsel for plaintiff to address questions regarding the failure to *trace* plaintiff's separate property into the marriage and to *locate* evidence both proving plaintiff's payment of $315,000 on an outstanding note and demonstrating that $60,000 of plaintiff's pension monies had been transferred to a joint account to be shared with plaintiff's former wife.  Finally, defendants will not be heard to contend that plaintiff's involvement with the preparation of the matrimonial action for trial bars him from raising those deficiencies.  An attorney generally is not permitted to shift to the client the legal responsibility that the attorney was hired to undertake because of his or her superior knowledge (*see Northrop v Thorsen*, 46 AD3d 780, 783). Indeed, it is well settled that "[a]n attorney has the responsibility to investigate and prepare every phase of his [or her] client's case"

(*Rosenstrauss v Jacobs & Jacobs*, 56 AD3d 453, 453 [internal quotation marks omitted]).

Finally, we have reviewed plaintiff's remaining contentions and conclude that they are without merit.

Entered:  April 1, 2011                         Patricia L. Morgan
                                                Clerk of the Court