# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**941**

**CA 10-02440**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

FARM FAMILY CASUALTY INSURANCE COMPANY,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

BRADY FARMS, INC., DEFENDANT-RESPONDENT.

---

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD LLP, ROCHESTER (HENRY R.
IPPOLITO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered March 31, 2010 in a declaratory judgment action. The judgment declared that plaintiff is obligated to indemnify defendant for certain payments.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and judgment is granted in favor of plaintiff as follows:

It is ADJUDGED and DECLARED that plaintiff has no duty to defend or indemnify defendant with respect to any financial liabilities incurred in connection with the death of John T. Nichols under the Special Farm Package "10" policy.

Memorandum: Plaintiff commenced this action seeking a declaration that it has no duty to defend or indemnify defendant, the owner and operator of a farm, in connection with fatal injuries sustained by defendant's employee (hereafter, decedent) while working at the farm. At the time of the accident, defendant was insured under a primary policy issued by plaintiff, entitled the Special Farm Package "10" policy (hereafter, Package policy), as well as an umbrella policy also issued by plaintiff. Defendant did not have workers' compensation insurance at that time. Supreme Court thereafter granted defendant's motion for summary judgment seeking a declaration that, inter alia, plaintiff is obligated to defend and indemnify defendant under the Package policy "for all losses arising out of the death of" decedent. In granting the motion, the court agreed with defendant that the Package policy exclusions on which plaintiff relied do not operate to defeat coverage for defendant. According to defendant's attorney, however, the court indicated that

it would not rule on the issue whether the workers' compensation award issued against defendant in connection with decedent's death falls within the coverage of the Package policy because there was no such motion before it seeking that relief.

After multiple chambers conferences, defendant made a second motion for summary judgment seeking a declaration that, inter alia, the workers' compensation award was covered by the Package policy. The court granted the motion, declaring that plaintiff is obligated under the Package policy to indemnify defendant, inter alia, for payments required to be made to decedent's widow in accordance with the workers' compensation award, as well as for funeral expenses expended by the widow and for reasonable fees and expenses paid by defendant to its attorneys in connection with both the workers' compensation proceedings and this action. We reverse.

We note at the outset that we reject plaintiff's contention that the court erred in entertaining defendant's second motion for summary judgment. Although it is well settled that "successive motions for summary judgment are generally disfavored" (*Rupert v Gates & Adams, P.C.*, 83 AD3d 1393, 1395), such motions for summary judgment are permitted where there is "newly discovered evidence or other sufficient cause" (*Giardina v Lippes*, 77 AD3d 1290, 1291, *lv denied* 16 NY3d 702). Here, the court did not rule on the issue whether the subject workers' compensation award is within the coverage of the Package policy because there was no motion then before it seeking that relief, and the record establishes that the second motion was, if not encouraged, certainly not discouraged by the court. We thus conclude that " 'there was sufficient cause for defendant['s] [second] motion' " (*Tallie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1810).

We further conclude, however, that the court erred in granting defendant's second motion. "In determining a dispute over insurance coverage, we first look to the language of the policy . . . We construe the policy in a way that 'affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect' " (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221-222; *see Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157, 162, *rearg denied* 5 NY3d 825). "As with the construction of contracts generally, 'unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court' " (*Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177).

Here, the Package policy sets forth in relevant part that plaintiff "provide[s] coverage . . . if a claim is made or a suit is brought against an INSURED for damages because of BODILY INJURY or PROPERTY DAMAGE caused by an OCCURRENCE to which [the] coverage [in the policy] applies." The workers' compensation claim made on decedent's behalf establishes that his estate elected to forego the recovery of damages through a civil action and instead sought to pursue what was essentially a claim for the workers' compensation insurance benefits defendant should have secured for him. Pursuant to

Workers' Compensation Law § 26-a (1) (a), an employer that failed to secure workers' compensation benefits for an injured worker is liable for the payment of benefits awarded to the injured worker.  Thus, in effect, defendant employer is substituted for the insurer it failed to hire as the party responsible for payment of the workers' compensation benefits awarded to decedent.  Consequently, the liability of defendant to decedent arises from defendant's failure to meet its statutory insurance procurement obligation rather than from the bodily injury sustained by decedent, and we conclude that there is no coverage for such liability under the Package policy (*cf. Charles F. Evans Co. v Zurich Ins. Co.*, 95 NY2d 779).

Finally, in view of the uncontroverted proof in the record that the workers' compensation award issued against defendant in connection with decedent's death is outside the scope of coverage for defendant under the Package policy, we exercise our power to search the record and grant summary judgment to plaintiff (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court