Appeals from an order of the Supreme Court, Erie Court (Shirley Troutman, J.), entered October 3, 2012. The order, insofar as appealed from, denied the motion of defendants Robert L. Brenna, Jr., and Brenna, Brenna & Boyce, PLLC for summary judgment and denied that part of the cross motion of defendants Michael R. Law and Phillips Lytle, LLP seeking summary judgment.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this legal malpractice action seeking damages for the alleged negligence of defendants in their representation of him in a medical malpractice action arising from his treatment for an eye condition at the Veterans Administration Outpatient Clinic in Rochester. In August 2006, defendants Robert L. Brenna, Jr. and Brenna, Brenna & Boyce, PLLC (hereafter, Brenna defendants) commenced an administrative tort claim against the United States on plaintiffs behalf by filing an SF-95 form with the Veterans Administration (hereafter, VA). After six months elapsed without a response from the government, Brenna recommended that plaintiff retain defendants Michael R. Law and Phillips Lytle, LLP (hereafter, Law defendants) to pursue a medical malpractice claim in federal court. Plaintiff retained the Law defendants in or about July 2007 and, on January 3, 2008, the Law defendants filed a complaint in the United States District Court for the Western District of New York against the United States and the VA (collectively, government) under the Federal Tort Claims Act ([FTCA] 28 USC § 2671 et seq.). The complaint alleged, inter alia, that the VA failed to monitor and/or treat plaintiff’s eye condition in a proper and timely manner, thereby resulting in the loss of vision in plaintiffs right eye.
While preparing for the deposition of Dr. Shobha Boghani, the physician who primarily treated plaintiff at the VA, the govern *1174 ment apparently discovered that Dr. Boghani was employed by the University of Rochester (hereafter, U of R). As a result, in October 2008, the government sought and was granted leave to file a third-party action against Dr. Boghani and the U of R. The addition of the U of R created a conflict for the Law defendants and, as a result, the Brenna defendants assumed sole responsibility for the medical malpractice action in December 2008. On May 22, 2009, Brenna filed an amended complaint in federal court naming the U of R and Dr. Boghani as defendants and asserting state-law claims for medical malpractice. By order dated November 3, 2010, District Court granted the motion of the U of R and Dr. Boghani for summary judgment dismissing the amended complaint against them as time-barred. The court also granted the government’s motion for summary judgment dismissing the FTCA claims against it insofar as based upon the alleged negligence of the U of R and Dr. Boghani, concluding that Dr. Boghani was an independent contractor and not an employee of the VA. The only remaining claim in the amended complaint was that the VA was negligent in failing to reschedule an ophthalmology appointment after a July 2003 appointment was cancelled.
Shortly thereafter, plaintiff directed the Brenna defendants to discontinue the federal action and, on December 16, 2011, a stipulation of discontinuance was entered in federal court. Plaintiff then commenced this legal malpractice action alleging, inter alia, that defendants were negligent in failing to name Dr. Boghani and the U of R in the initial complaint in federal court. The Brenna defendants subsequently moved for summary judgment dismissing the complaint against them, and the Law defendants cross-moved for leave to amend their answer to add a statute of limitations defense and for summary judgment dismissing the complaint against them. Supreme Court denied the Brenna defendants’ motion, granted that part of the Law defendants’ cross motion seeking leave to amend their answer, and denied that part of their cross motion for summary judgment dismissing the complaint against them. We affirm.
“To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise ‘the ordinary reasonable skill and knowledge commonly possessed by a member of the legal community, and that the attorney’s breach of [that] duty proximately caused plaintiff to sustain actual and ascertainable damages’ ” (Velie v Ellis Law, P.C., 48 AD3d 674, 675 [2008]). “To obtain summary judgment dismissing a complaint in an action to recover damages for legal malpractice, a defendant must demonstrate that *1175 the plaintiff is unable to prove at least one of the essential elements of [his or her] legal malpractice cause of action” (Boglia v Greenberg, 63 AD3d 973, 974 [2009]; see Pignataro v Welsh, 38 AD3d 1320, 1320 [2007], lv denied 9 NY3d 849 [2007]).
Initially, we reject defendants’ contention that plaintiff waived or abandoned his legal malpractice claim by voluntarily discontinuing what remained of his medical malpractice action and failing to take an appeal from District Court’s November 2010 order dismissing the bulk of his claims. In support of that contention, defendants primarily rely upon this Court’s decision in Rupert v Gates & Adams, P.C. (83 AD3d 1393, 1396 [2011]), in which we concluded that the plaintiff waived his right to raise certain allegations of legal malpractice in the context of a matrimonial action based upon his execution of a settlement agreement. Specifically, we concluded that, although certain allegations of legal malpractice had merit, Supreme Court in that case “did not err in granting defendants’ motion concerning those alleged errors because they could have been corrected on an appeal from the final judgment in the matrimonial action, and plaintiff consented to the dismissal on the merits of any appeal in the matrimonial action as part of the global settlement resolving a bankruptcy proceeding in which he was involved. In so doing, plaintiff precluded pursuit of the very means by which defendants’ representation of plaintiff in the matrimonial action could have been vindicated . . . We therefore conclude that plaintiff, by virtue of his global settlement, waived the right to raise those shortcomings in this legal malpractice action” (id. [emphasis added]).
Here, unlike in Rupert, plaintiff did not, as part of a settlement agreement or otherwise, waive his right to raise the claim that defendants committed malpractice in the underlying action by failing to sue the appropriate parties before the expiration of the applicable statute of limitations. Rather, plaintiff discontinued his federal medical malpractice action, which the court had reduced to the claim that employees of the VA were negligent in failing to reschedule a cancelled ophthalmology appointment, and commenced this legal malpractice action in state court. We reject defendants’ invitation to extend the ruling in Rupert to a per se rule that a party who voluntarily discontinues an underlying action and forgoes an appeal thereby abandons his or her right to pursue a claim for legal malpractice. Indeed, we noted in Rupert that, in determining that the court erred in granting the defendants’ cross motion for summary judgment dismissing the complaint in the context of a prior appeal (Rupert v Gates & Adams, P.C., 48 AD3d 1221 [2008]), we “necessarily rejected the *1176 very premise upon which the court denied the instant motion for summary judgment,” i.e., that “this legal malpractice action is barred by [the] plaintiffs failure to perfect an appeal from the judgment in the matrimonial action” (83 AD3d at 1395).
Although the precise question presented herein appears to be an issue of first impression in New York, we note that several of our sister states have rejected the per se rule advanced by defendants herein (see e.g. MB Indus., LLC v CNA Ins. Co., 74 So 3d 1173, 1176 [2011]; Hewitt v Allen, 118 Nev 216, 217-218, 43 P3d 345, 345-346 [2002]; Eastman v Flor-Ohio, Ltd., 744 So 2d 499, 502-504 [1999]; Segall v Segall, 632 So 2d 76, 78 [1993]). As has been noted, such a rule would force parties to prosecute potentially meritless appeals to their judicial conclusion in order to preserve their right to commence a malpractice action, thereby increasing the costs of litigation and overburdening the court system (see Eastman, 744 So 2d at 504). The additional time spent to pursue an unlikely appellate remedy could also result in expiration of the statute of limitations on the legal malpractice claim (see MB Indus., 74 So 3d at 1181). Further, requiring parties to exhaust the appellate process prior to commencing a legal malpractice action would discourage settlements and potentially conflict with an injured party’s duty to mitigate damages (see Crestwood Cove Apts. Bus. Trust v Turner, 164 P3d 1247, 1254 [2007]; Eastman, 744 So 2d at 504).
Here, we conclude that defendants failed to establish as a matter of law that any alleged negligence on their part was not a proximate cause of plaintiff’s damages (see Wilk v Lewis & Lewis, P.C., 75 AD3d 1063, 1066 [2010]; New Kayak Pool Corp. v Kavinoky Cook LLP, 74 AD3d 1852, 1853 [2010]; Andzel v Cosgrove, 56 AD3d 1226, 1227 [2008]). Specifically, defendants failed to establish that plaintiff was likely to succeed on an appeal from the November 2010 order and, therefore, that their alleged negligence was not a proximate cause of his damages (see Crestwood Cove Apts. Bus. Trust, 164 P3d at 1252; Hewitt, 118 Nev at 222, 43 P3d at 348; see also Technical Packaging, Inc. v Hanchett, 992 So 2d 309, 316 [2008], review denied 6 So 3d 52 [2009]; cf. Bradley v Davis, 111 So 2d 1189, 1190 [2001], dismissed 805 So 2d 804 [2001], cert denied 535 US 926 [2001]). Notably, the record before us does not include the full record from the underlying action, i.e., the record that would have been before the Second Circuit on an appeal (see Technical Packaging, Inc., 922 So 2d at 315). Thus, while defendants “may be able to show that [their] representation of [plaintiff] did not preclude [him] from prevailing in the [underlying] lawsuit [or upon appeal], [they have] not done so at this time” (Lenahan v Russell L. Forkey, P.A., 702 So 2d 610, 612 [1997]).
*1177 The Law defendants also contended in support of that part of their cross motion for summary judgment dismissing the complaint against them that the action was time-barred. Even assuming, arguendo, that they met their initial burden on the cross motion in that respect, we conclude that plaintiff raised a triable issue of fact whether the continuous representation doctrine applied to toll the statute of limitations (see Sobel v Ansanelli, 98 AD3d 1020, 1023 [2012]; International Electron Devices [USA] LLC v Menter, Rudin & Trivelpiece, P.C., 71 AD3d 1512, 1512-1513 [2010]).
All concur except Whalen, J., who dissents and votes to reverse the order insofar as appealed from in accordance with the following memorandum.