Morales v Adirondack Trailways, Inc. (2018 NY Slip Op 08849)





Morales v Adirondack Trailways, Inc.


2018 NY Slip Op 08849


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1344 CA 18-01262

[*1]ISIDRO MORALES, JR., PLAINTIFF-RESPONDENT,
v
ADIRONDACK TRAILWAYS, INC., DEFENDANT-APPELLANT, ET AL., DEFENDANT. 






BARCLAY DAMON LLP, ROCHESTER (GABRIEL L. BOUVET-BOISCLAIR OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered April 19, 2018. The order denied the motion of defendant Adirondack Trailways, Inc., for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from his seat after the bus he was riding purportedly came to an abrupt stop in the bus terminal. Supreme Court properly denied the motion of Adirondack Trailways, Inc. (defendant) seeking summary judgment dismissing the complaint against it. In common carrier negligence cases involving "injuries sustained by a passenger when [a] vehicle comes to a halt, [a] plaintiff must establish that the stop caused a jerk or lurch that was unusual and violent[,]' . . . [using] more than a mere characterization of the stop in those terms" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830 [1995]). The plaintiff must show that the incident was "of a different class than the jerks and jolts commonly experienced in . . . bus travel" (id.). As the moving party on the motion for summary judgment, defendant had "the burden of establishing, prima facie, that the stop was not unusual and violent" (Gani v New York City Tr. Auth., 159 AD3d 673, 673 [2d Dept 2018]).
We conclude that defendant failed to meet its burden (see Owens v Niagara Falls Coach Lines, 16 AD3d 1164, 1164 [4th Dept 2005]). Defendant submitted the deposition testimony of one of its bus drivers and the expert affidavit of a bus safety consultant, in which the driver and consultant disputed whether hard braking could cause the rear of the bus to rise in the manner described by plaintiff in his deposition. Defendant, however, also submitted the deposition testimony of plaintiff, who testified that when the bus came to a stop in the terminal, the force of the stop caused him to rise off his seat, and that he fell onto the foot rest attached to the seat in front of him and then back against his seat, causing injuries to his knee and back. That testimony was sufficient to raise "a triable issue of fact as to whether the stop at issue was unusual and violent" (Gani, 159 AD3d at 674; see Branda v MV Pub. Transp., Inc., 139 AD3d 636, 637 [1st Dept 2016]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court