Piccarreto v Bezinque (2020 NY Slip Op 01829)





Piccarreto v Bezinque


2020 NY Slip Op 01829


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1276 CA 19-01256

[*1]CARLA PICCARRETO, PLAINTIFF-APPELLANT,
v
MARK CHAUVIN BEZINQUE, DEFENDANT-RESPONDENT, AND STEVEN B. LEVITSKY, DEFENDANT. 






MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-APPELLANT. 
BARCLAY DAMON LLP, ROCHESTER (ROBERT M. SHADDOCK OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Robert B. Wiggins, A.J.), entered January 8, 2019. The order granted the motion of defendant Mark Chauvin Bezinque for summary judgment, dismissed the complaint and denied the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the legal malpractice cause of action against defendant Mark Chauvin Bezinque, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for, inter alia, defendants' alleged legal malpractice in representing her in an action to recover unpaid child support from her former spouse pursuant to a judgment of divorce. Plaintiff now appeals from an order that, inter alia, granted the motion of Mark Chauvin Bezinque (defendant) for summary judgment dismissing the complaint against him. We agree with plaintiff that Supreme Court erred in granting that part of defendant's motion with respect to plaintiff's legal malpractice cause of action against him, and we therefore modify the order accordingly. In order to establish his entitlement to judgment as a matter of law with respect to the legal malpractice cause of action, defendant was required " to present evidence in admissible form establishing that plaintiff[] [is] unable to prove at least one necessary element' " of that cause of action (Giardina v Lippes, 34 AD3d 1220, 1220-1221 [4th Dept 2006]; see generally Robbins v Harris Beach & Wilcox, 291 AD2d 797, 798 [4th Dept 2002]). Here, defendant met his initial burden by submitting evidence in admissible form establishing that he exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession with respect to his representation of plaintiff in the underlying action (see generally Robbins, 291 AD2d at 798). In opposition, however, plaintiff raised an issue of fact by submitting the affidavit of an expert, who opined that defendant failed to exercise ordinary care, skill and diligence because, inter alia, he failed to take certain necessary steps to secure plaintiff's rights to the equity in certain property held by plaintiff's former spouse.
We have examined plaintiff's remaining contentions and conclude that they are without merit.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court