Magic Circle Films Intl., LLC v Breon (2021 NY Slip Op 01673)





Magic Circle Films Intl., LLC v Breon


2021 NY Slip Op 01673


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1122.1 CA 20-00401

[*1]MAGIC CIRCLE FILMS INTERNATIONAL, LLC, DOING BUSINESS AS MAGIC CIRCLE ENTERTAINMENT, PLAINTIFF-RESPONDENT-APPELLANT,
v
MARY ELLEN BREON, DEFENDANT-APPELLANT-RESPONDENT.
MARY ELLEN BREON, THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT,
v
JOEY DEMAIO, CIRCLE SONG MUSIC, LLC, GOD OF THUNDER PRODUCTIONS, LTD., MAGIC CIRCLE MUSIC GUITARS, LLC, MAGIC CIRCLE FILMS INTERNATIONAL, LTD., MAGIC CIRCLE MUSIC, LLC, AND CAROMARK, LLC, THIRD-PARTY DEFENDANTS-RESPONDENTS-APPELLANTS. 






POMERANTZ LLP, NEW YORK CITY (BRIAN CALANDRA OF COUNSEL), AND SHEARMAN & STERLING LLP, FOR DEFENDANT-APPELLANT-RESPONDENT AND THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT. 
CAMARDO LAW FIRM, P.C., AUBURN (JOSEPH A. CAMARDO, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT AND THIRD-PARTY DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Matthew A. Rosenbaum, J.), entered October 8, 2019. The order denied the respective motions of the parties for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a music producer and distributor, commenced this action asserting causes of action for, inter alia, breach of contract. In the complaint, plaintiff alleged that defendant-third-party plaintiff (defendant) breached a verbal agreement whereby she agreed to deliver to plaintiff newly recorded musical compositions by her band and to grant plaintiff the copyright interest in connection with the manufacture, distribution and sale of those recordings in exchange for receiving, inter alia, a 50% share of all net income. According to plaintiff, defendant never delivered the promised recordings and, instead, used plaintiff's trade secrets and property to enrich herself. After commencement of the action, defendant initiated a third-party action against third-party defendant Joey DeMaio, plaintiff's managing member, and various other entities essentially controlled by DeMaio.
Plaintiff and third-party defendants moved and defendant cross-moved for, inter alia, partial summary judgment on the issue of ownership of the recordings and related copyrights. Supreme Court denied the motion and cross motion, determining that there were issues of fact with respect to the ownership of the recordings and copyrights at issue that precluded granting [*2]either motion. Following additional discovery, the parties again moved for partial summary judgment on the issue of ownership of the disputed property. Defendant appeals and plaintiff and third-party defendants cross-appeal from an order denying those respective motions. We affirm.
Generally, "successive summary judgment motions . . . are disfavored absent newly discovered evidence or other sufficient cause" (Giardina v Lippes, 77 AD3d 1290, 1291 [4th Dept 2010], lv denied 16 NY3d 702 [2011]; see Farm Family Cas. Ins. Co. v Brady Farms, Inc., 87 AD3d 1324, 1326 [4th Dept 2011]; Marine Midland Bank v Fisher, 85 AD2d 905, 906 [4th Dept 1981]). Here, we conclude that the court properly denied the parties' successive motions because the parties' submissions were not based on newly discovered evidence. Although on her second motion defendant submitted deposition testimony elicited after her first motion, that testimony did not constitute newly discovered evidence because it did not "establish facts that were not available to [defendant] at the time [she] made [her] initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Vinar v Litman, 110 AD3d 867, 868-869 [2d Dept 2013]; see Farrell v Okeic, 303 AD2d 957, 957 [4th Dept 2003]). The court properly denied the motion of plaintiff and third-party defendants because they also failed to demonstrate that the evidence submitted in support of their second motion was unavailable to them at the time they made their first motion (see Vinar, 110 AD3d at 868-869). Further, although this Court is not precluded from addressing the merits of a successive summary judgment motion that is not based on newly discovered evidence or lacks sufficient cause (see Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1593 [4th Dept 2016]; Giardina, 77 AD3d at 1291), we decline to exercise our discretion to reach the merits of the parties' second motions.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court