■ COUNTY OF NASSAU, Plaintiff, v TOWN OF HEMPSTEAD, Defendant. — Submission of a controversy pursuant to CPLR 3222, *inter alia,* to determine which municipal corporation, the plaintiff County of Nassau or the defendant Town of Hempstead, is to recover moneys collected from dog redemptions and sales of seized dogs within the geographic sphere of the town since on or about March 22, 1957 until January 1, 1980. Judgment is directed in favor of the plaintiff declaring that the county is entitled to receive the moneys in question. The Town of Hempstead is directed to submit an accurate accounting of all moneys due the county treasurer for the period in question. Such accounting shall be followed by prompt payment. The accounting shall be submitted within 30 days after service upon the town of a copy of the order to be made hereon, with notice of entry. No costs are awarded. Article 7 of the Agriculture and Markets Law pertains to the licensing and control of dogs by certain municipalities. Until the revision of article 7 effective January 1, 1980 (L 1978, ch 220, as amd), section 126 of the Agriculture and Markets Law provided that "[a]ny *** town *** may impose restrictions not inconsistent with the provisions of this article upon the keeping and running at large of dogs, whether licensed or not, within such *** town *** and may impose penalties for violation of such restrictions". Subdivision 1 of section 114-a of the Agriculture and Markets Law provided for the seizure and handling of unleashed dogs in "any *** town *** in which an ordinance has been adopted requiring all dogs to be restrained by a leash while off the owner's

premises, whether or not tagged or licensed". This section provides for redemption of such dogs upon the payment of a fee to the clerk of the municipality. Section 121 of the Agriculture and Markets Law, as then worded, provided that the town clerk shall remit to the county treasurer all license fees and other moneys, except tag fees, received by him under the provisions of the Agriculture and Markets Law. Section 130 of the Town Law provides that a town board may enact "rules and regulations not inconsistent with law, for the following purposes * * * and for the collection of any reasonable uniform fee in connection therewith". Subdivision 9 (as amd by L 1957, ch 135) elaborates that ordinances may be adopted for the purpose of "restraining the running at large of * * * unmuzzled dogs, whether licensed or not * * * and authorizing the impounding and sale of the same for the costs of keeping, proceedings and penalty, or the killing of unmuzzled dogs." Pursuant to this Town Law provision, the Hempstead Town Board enacted chapter 152 of the town code, entitled "Animal Shelter and Control Division". Section 152-4(B) authorizes the seizure of unmuzzled dogs running at large, while section 152-4(C) authorizes the sale for adoption or the destruction of any dog seized at large but not redeemed by the owner. Section 152-5 provides that the owner of any dog unmuzzled and at large shall be guilty of a violation punishable by certain penalties. Section 152-7(B) provides that these penalties are to be paid to the town clerk. We agree with the county's contention that the provisions of section 152-7(B) of the town code authorizing the town to retain the redemption fees and moneys received from the sale of seized dogs is invalid, as this provision violated the mandate of section 121 of the Agriculture and Markets Law requiring the fees to be remitted to the county treasurer. When a local law or ordinance is inconsistent with the Agriculture and Markets Law, the local enactment is invalid (Matter of Wickham v Newkirk, 60 Misc 2d 868). To the extent that subdivision 9 of section 130 of the Town Law authorizes a town to keep the proceeds of the sale of dogs, it conflicts with article 7 of the Agriculture and Markets Law as then worded. The Agriculture and Markets Law must be held to prevail. Article 7 of the Agriculture and Markets Law deals specifically and extensively with dog control, while dog control is only mentioned in section 130 of the Town Law as part of a large number of items. A statute of general import must usually yield to a statute of specific import when there is a conflict between the two (Matter of Temporary State Study Comm. to Investigate City of N. Y. v Greenidge, 40 AD2d 601, affd 31 NY2d 691; see, also, 18 Opns St Comp, 1962, p 24). Moneys collected by the town, during the time in question, from penalties assessed against owners who redeemed their dogs after the dogs had been seized for not having a license, and from the sales of such seized dogs who were not redeemed, must also be turned over to the county pursuant to sections 114 and 121 of the Agriculture and Markets Law. We have considered the other contentions of the parties and find them to be without merit. As of January 1, 1980, the entire controversy has been settled prospectively by the enactment of a new section 120 of the Agriculture and Markets Law (L 1978, ch 220). Mangano, J.P., Gibbons, Cohalan and O'Connor, JJ., concur.