■ ABRAHAM TEN HOEVE, Respondent, v BOARD OF EDUCATION OF DUNDEE CENTRAL SCHOOL DISTRICT et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered August 26, 1982 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment and declared invalid a regulation of the Commissioner of Education which prohibits persons in excess of 65 years of age from being a school bus driver. This controversy involves the validity of 8 NYCRR 156.3 (b). Specifically, this section of the regulation provides that, "All drivers of school transportation conveyances shall be at least 21 years of age, but not in excess of 65 years of age". Plaintiff was employed as a school bus driver for defendant Dundee Central School District until his termination on March 18, 1980. On that date he was advised that, since he had reached the age of 65, his services would no longer be required. Reaching age 65 was the sole basis for plaintiff's discharge. The instant action was thereafter brought against the school district, the Commissioner of Education and the Board of Regents of the State of New York, seeking a declaratory judgment that the section was invalid and for reinstatement of plaintiff to his position as a school bus driver. Special Term granted plaintiff's motion for summary judgment and found that the regulation was arbitrary and capricious, that it violated article 14 of the Retirement and Social Security Law, and that it was unconstitutional under the Fourteenth Amendment of the Federal Constitution and under section 11 of article I of the New York State Constitution. This appeal ensued. We will first consider plaintiff's contention that the regulation is in conflict with article 14 of the Retirement and Social Security Law. Subdivision 15 of section 501 of this article states that mandatory retirement age shall mean age 70 for all public employees except police or fire members. Furthermore, subdivision a of section 500 of that article states that, "In the event that there is a conflict between the provisions of this article and the provisions of any other law or code, the provisions of this article shall govern". A resolution of this issue appears to be one of first impression. At the outset, we conclude that the regulation was properly promulgated pursuant to section 3624 of the Education Law which directs that the Commissioner of Education "shall determine and define the qualifications of drivers and shall make the rules and regulations governing the operation of all transportation facilities used by pupils", and further conclude, contrary to the result reached by Special Term, that it is reasonable and rational based on two statistical studies which indicated that drivers older than 65 years of age were involved in a much greater number of accidents. A resolution of this issue therefore revolves on whether the regulation is in contravention of subdivision 15 of section 501 of the Retirement and Social Security Law. An administrative agency such as the Education Department has no authority to create a rule out of harmony with a statute (*Matter of*

*Fineway Supermarkets v State Liq. Auth.,* 48 NY2d 464). Additionally, a statute of general import must usually yield to a statute of specific import where there is a conflict between the two (*County of Nassau v Town of Hempstead,* 84 AD2d 557, app dsmd 56 NY2d 1031). The effect of 8 NYCRR 156.3 (b) under the circumstances of this case in which no alternative employment was offered, clearly amounts to a reduction of the retirement age for a bus driver, such as plaintiff, from age 70 to age 65. Such an effect, in light of these well-established principles of law, is not permissible (cf. *Cook v City of Binghamton,* 48 NY2d 323, 333). While some of the other questions raised on this appeal, if they stood alone, would require further discussion, such is unnecessary in view of our determination, since we must affirm Special Term's order granting summary judgment to plaintiff and directing his reinstatement to his position as a school bus driver, retroactively to March 18, 1980. We do so, however, solely on the rationale expressed above. We would add that we disagree with Special Term's further conclusion that the regulation is unconstitutional as violative of the Fourteenth Amendment of the Federal Constitution and section 11 of article I of the New York State Constitution since age is not a suspect classification and the regulation survives the rational basis test of equal protection analysis (see *Vance v Bradley,* 440 US 93). Order modified, on the law, by striking the first four decretal paragraphs of Special Term's order and partially granting plaintiff's motion for summary judgment to the extent provided by the fifth and sixth decretal paragraphs of said order with respect to plaintiff's statutory rights only, and, as so modified, affirmed, with costs to plaintiff. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.