■ JOHN M. OLSZEWSKI, as Administrator of the Estate of JOHN OLSZEWSKI, Deceased, Appellant, v WATERS OF ORCHARD PARK et al., Defendants, and PARK ASSOCIATES, INC., et al., Respondents. [758 NYS2d 716] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered March 6, 2002, which granted the motion of defendants The Park Associates, Inc., Armor Road Properties, LLC, and Neil M. Chur seeking dismissal of the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the motion of defendants The Park Associates, Inc. (Park Associates), Armor Road Properties, LLC (Armor Road) and Neil M. Chur seeking dismissal of the complaint against them insofar as that motion sought dismissal pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Plaintiff commenced this wrongful death action as the administrator of the estate of John Olszewski (decedent), who died while a resident at a nursing home facility. Chur is the sole shareholder and president of the corporate defendant that owns and operates the nursing home.

"It is well settled that bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action. When the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether [he or] she has stated one" (*Meyer v Guinta*, 262 AD2d 463, 464 [1999]; *see Palazzolo v Herrick, Feinstein*, 298 AD2d 372 [2002]). In this case, "the evidentiary record flatly contradicts the conclusory allegations of the * * * complaint" (*Meyer*, 262 AD2d at 464) that Park Associates and Armor Road are involved in the ownership and operation of the nursing home, and plaintiff "failed to demonstrate how * * * further discovery would have salvaged his claims" (*Hoheb v Pathology Assoc. of Albany*, 146 AD2d 919, 921 [1989]; *see* CPLR 3211 [d]).

With respect to Chur, plaintiff did not adequately allege any

basis for holding Chur personally liable for decedent's death (*see Itamari v Giordan Dev. Corp.*, 298 AD2d 559, 560 [2002]; *WorldCom, Inc. v Segway Mktg.*, 262 AD2d 164, 164-165 [1999], *lv dismissed in part and denied in part* 93 NY2d 1036 [1999]), nor did plaintiff establish that facts supporting such a theory of liability may exist but cannot now be stated (*see* CPLR 3211 [d]). "A corporate officer is not held liable for the negligence of the corporation merely because of his official relationship to it. It must be shown that the officer was a participant in the wrongful conduct" (*Clark v Pine Hill Homes*, 112 AD2d 755, 755 [1985]; *see Felder v R & K Realty*, 295 AD2d 560, 561-562 [2002]; *Trustco Bank N.Y. v S/N Precision Enters.*, 234 AD2d 665, 668 [1996]; *see also Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142 [1993]). Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.