In the Matter of COUNTY OF SENECA, Appellant, v ANDREW S. ERISTOFF, as Commissioner of Taxation and Finance, et al., Respondents. [852 NYS2d 493]—

Rose, J.

When the Department of Taxation and Finance would not alter its long-standing policy of refusing to collect sales and other taxes on cigarettes and motor fuel sold to non-Indians at businesses owned or operated by Indian tribes, petitioner commenced this CPLR article 78 proceeding to compel respondent Commissioner of Taxation and Finance to collect and remit the local share of such taxes pursuant to Tax Law articles 20 and 29. Certain respondents moved for dismissal of the petition and Supreme Court granted their motions on the ground that petitioner, as a municipality, lacks the capacity to sue the State.

Petitioner appeals, arguing that Supreme Court erroneously dismissed its petition because a municipality may bring suit "where the State [policy] adversely affects a municipality's proprietary interest in a specific fund of moneys" (*City of New York*

*v State of New York*, 86 NY2d 286, 291-292 [1995]; *see County of Rensselaer v Regan*, 173 AD2d 37, 40 [1991], *affd* 80 NY2d 988, 991 [1992]). The argument is unavailing. There is no existing or specific fund here because the State has declined to collect the taxes. While Tax Law § 1261 (a) obligates the State to hold in trust a county's share of sales taxes "which are collected," this is not a case in which the State has withheld collected taxes. Accordingly, petitioner has failed to demonstrate a proprietary interest exception to the general rule barring suit against the State by local governments (*see City of New York v State of New York*, 86 NY2d at 294-295; *County of Albany v Hooker*, 204 NY 1, 18-19 [1912]; *Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y.*, 282 AD2d 166, 172-173 [2001]).

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.