█ SCOTT M. HARVEY et al., Respondents, v NICOLE M. GAULIN, Defendant. COUNTY OF ORLEANS, Appellant. (Appeal No. 1.) [890 NYS2d 836]—

Same memorandum as in *Harvey v Gaulin* (68 AD3d 1789 [2009]). Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Gorski, JJ.

█ SCOTT M. HARVEY et al., Respondents, v NICOLE M. GAULIN, Defendant. COUNTY OF ORLEANS et al., Appellants. (Appeal No. 2.) [893 NYS2d 393]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained on March 27, 2007 by Scott M. Harvey (plaintiff) when a vehicle driven by defendant Nicole M. Gaulin made a left turn in front of the motorcycle driven by plaintiff. Plaintiffs first learned by way of an affidavit executed by Gaulin on January 14, 2008 that Gaulin was employed by the County of Orleans (County) and was assigned to the Kendall Central School District (KCSD) and, approximately six months later, made an application for leave to serve a late notice of claim. Supreme Court issued a "Memorandum and Decision" in September 2008 in which it stated that it would allow the late "filings" but the order granting the application was not entered until December 8, 2008. We note at the outset that in appeal No. 1 the County purports to appeal from the "order" granted in September. That appeal must be dismissed, however, because "[t]hat document [i.e. the "Memorandum and Decision"] did not actually order anything and '[n]o appeal lies from a mere decision' " (*Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006]).

With respect to appeal No. 2, we conclude that Supreme Court did not abuse its discretion in granting plaintiffs' application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). "The court is vested with broad discretion to grant or deny [such an] application . . . and, although [plaintiffs] failed to offer a reasonable excuse for [their] failure to serve the notice of claim within the statutory 90-day period . . . , that failure is not fatal [because] actual notice was had and there is no compelling showing of prejudice to [the County or KCSD]" (*Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435 [2009] [internal quotation marks omitted]; *see* General Municipal Law § 50-e [1] [a]; [5]). We further conclude, however, that the court erred in directing in the second ordering paragraph that the County and KCSD "are made defendants in the within action" without first affording them the opportunity to conduct a hearing pursuant to General Municipal Law § 50-h (*see Southern Tier Plastics, Inc. v County of Broome*, 53 AD3d 980 [2008]), and before plaintiffs had served a notice of claim (*see* General Municipal Law §§ 50-e, 50-i) and an amended complaint (*see* CPLR 304 [former (a)]). We therefore modify the order accordingly. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Gorski, JJ.