# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**134**

**CA 10-00262**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF NIAGARA COUNTY, ON BEHALF
OF ITS RESIDENTS, AND JOHN CERETTO, CLYDE L.
BURMASTER, RICHARD E. UPDEGROVE AND PAUL B.
WOJTASZEK, ON BEHALF OF THEMSELVES AND ALL OTHER
SIMILARLY SITUATED RESIDENTIAL CONSUMERS IN
THE STATE OF NEW YORK, PETITIONERS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

POWER AUTHORITY OF STATE OF NEW YORK, STATE OF
NEW YORK, MICHAEL J. TOWNSEND, AS TRUSTEE OF
POWER AUTHORITY OF STATE OF NEW YORK, JAMES A.
BESHA, SR., AS TRUSTEE OF POWER AUTHORITY OF
STATE OF NEW YORK, D. PATRICK CURLEY, AS TRUSTEE
OF POWER AUTHORITY OF STATE OF NEW YORK, ELISE M.
CUSACK, AS TRUSTEE OF POWER AUTHORITY OF STATE OF
NEW YORK, JONATHAN D. FOSTER, AS TRUSTEE OF POWER
AUTHORITY OF STATE OF NEW YORK, AND EUGENE L.
NICANDRI, AS TRUSTEE OF POWER AUTHORITY OF STATE
OF NEW YORK, RESPONDENTS-APPELLANTS.

---

TERRY L. BROWN, WHITE PLAINS (ARTHUR T. CAMBOURIS OF COUNSEL), AND
WARD GREENBERG HELLER & REIDY LLP, ROCHESTER, FOR
RESPONDENTS-APPELLANTS POWER AUTHORITY OF STATE OF NEW YORK, MICHAEL
J. TOWNSEND, AS TRUSTEE OF POWER AUTHORITY OF STATE OF NEW YORK, JAMES
A. BESHA, SR., AS TRUSTEE OF POWER AUTHORITY OF STATE OF NEW YORK, D.
PATRICK CURLEY, AS TRUSTEE OF POWER AUTHORITY OF STATE OF NEW YORK,
ELISE M. CUSACK, AS TRUSTEE OF POWER AUTHORITY OF STATE OF NEW YORK,
JONATHAN D. FOSTER, AS TRUSTEE OF POWER AUTHORITY OF STATE OF NEW
YORK, AND EUGENE L. NICANDRI, AS TRUSTEE OF POWER AUTHORITY OF STATE
OF NEW YORK.

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (ANDREW B. AYERS OF
COUNSEL), FOR RESPONDENT-APPELLANT STATE OF NEW YORK.

WEBSTER SZANYI LLP, BUFFALO (CHARLES E. GRANEY OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

---

Appeals, by permission of the Appellate Division of the Supreme
Court in the Fourth Judicial Department, from an order of the Supreme
Court, Niagara County (Ralph A. Boniello, III, J.), entered December
28, 2009 in a proceeding pursuant to CPLR article 78. The order
denied the motions of respondents to dismiss the amended petition
pursuant to CPLR 3211 (a) (3) and (7) and granted petitioners' motion

for leave to serve a complaint and discovery demands.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, respondents' motions to dismiss the amended petition are granted, petitioners' motion for leave to serve a complaint and discovery demands is denied and the amended petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul certain temporary transfers and voluntary contributions (hereafter, payments) in the amount of $544 million from respondent Power Authority of State of New York (PASNY) to respondent State of New York (State). PASNY operates hydroelectric generation facilities located on and near the Niagara River, known collectively as the "Niagara Power Project" or the "Niagara Project." Respondents contend that Supreme Court erred in denying their motions to dismiss the amended petition and in granting petitioners' motion for leave to serve a complaint and discovery demands. We agree.

At the outset, we agree with respondents that the individual petitioners lack standing to challenge PASNY's payments to the State. A petitioner seeking to challenge a governmental or administrative action must show " 'injury in fact,' meaning that [he or she] will actually be harmed by the challenged administrative action" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211). In other words, a petitioner must make a threshold showing that he or she "has sustained special damage, different in kind and degree from the community generally" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413, *rearg denied* 70 NY2d 694). "The existence of an injury in fact--an actual legal stake in the matter being adjudicated--ensures that the party seeking review has some concrete interest in prosecuting the action [that] casts the dispute 'in a form traditionally capable of judicial resolution' " (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772, quoting *Schlesinger v Reservists to Stop the War*, 418 US 208, 210-221). The injury, harm or damage cannot be conjectural, tenuous or hypothesized (*see New York State Assn. of Nurse Anesthetists*, 2 NY3d at 211, 214-215). Here, the individual petitioners failed to establish that they suffered an injury in fact as a result of the challenged payments. They allege that, as residential consumers of hydroelectric power, they are directly injured by PASNY's allegedly improper "diversion" of revenue to the State because they will pay more for electricity in the future as a result. We conclude, however, that the fact "[t]hat in the future the hypothesized harm might befall [residential consumers] does not at this time entitle [the individual petitioners] to maintain this [proceeding]" (*id.* at 214-215). Thus, the mere possibility of a future rate increase, without more, is insufficient to establish standing (*see generally id.*).

We also agree with the State that petitioner Niagara County (County) lacks capacity to maintain the proceeding, inasmuch as the County failed to establish that its claims fall within any recognized exception to the general rule barring suit against the State by a

municipality (*see Matter of County of Seneca v Eristoff*, 49 AD3d 950; *see generally City of New York v State of New York*, 86 NY2d 286). Even assuming, arguendo, that the County has capacity to sue the State (*see generally City of New York*, 86 NY2d 286), we conclude that it lacks standing. The County failed to establish that it suffered an injury in fact, and it cannot assert associational or representative standing inasmuch as the individual petitioners lack standing to maintain this proceeding (*see generally Matter of Brown v County of Erie* [appeal No. 2], 60 AD3d 1442, 1444).

In any event, we agree with respondents that the court erred in denying their motions to dismiss the amended petition for failure to state a cause of action pursuant to CPLR 3211 (a) (7). " 'It is well settled that bare legal conclusions and factual claims [that] are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action' " (*Olszewski v Waters of Orchard Park*, 303 AD2d 995, 995; *see Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 194). " 'When the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether [he or] she has stated one' " (*Olszewski*, 303 AD2d at 995; *see Kaufman v International Bus. Machs. Corp.*, 97 AD2d 925, 926, *affd* 61 NY2d 930).

We conclude that petitioners have no cause of action based upon federal law inasmuch as the Niagara Redevelopment Act ([NRA] 16 USC §§ 836-836a) does not protect residential consumers who, like the individual petitioners herein, purchase hydroelectric power from investor-owned utilities (IOUs). Rather, the NRA requires that, in disposing of 50% of the hydroelectric power from the Niagara Project, PASNY "shall give preference and priority to *public bodies and nonprofit cooperatives* within economic transmission distance" (16 USC § 836 [b] [1] [emphasis added]; *see Power Auth. of State of N.Y. v Federal Energy Regulatory Commn.*, 743 F2d 93, 103-104). Petitioners rely on the first clause of 16 USC § 836 (b) (1), which states that "at least 50[%] of the project power shall be available for sale and distribution *primarily for the benefit of the people as consumers, particularly domestic and rural consumers, to whom such power shall be made available at the lowest rates reasonably possible*" (emphasis added). That language, however, is "precatory" in nature, and it "expresses a Congressional expectation, not a mandate" (*Power Auth. of State of N.Y.*, 743 F2d at 104). As the United States Court of Appeals for the Second Circuit explained, "Congress did not intend the customers of IOUs to receive preference power[] but rather mandated that they receive the benefit indirectly through the lower rates the private utilities would charge in response to the competition from the public bodies receiving preference power" (*Allegheny Elec. Coop., Inc. v Federal Energy Regulatory Commn.*, 922 F2d 73, 82, *cert denied* 502 US 810; *see Metropolitan Transp. Auth. v Federal Energy Regulatory Commn.*, 796 F2d 584, 591-592, *cert denied* 479 US 1085).

We agree with PASNY and the individual respondents, as trustees of PASNY (hereafter, PASNY respondents), that the court erred in

denying those parts of their motion to dismiss the claims for alleged violations of state law based on documentary evidence pursuant to CPLR 3211 (a) (1). The PASNY respondents submitted "documentary evidence definitively contradict[ing] . . . [and] conclusively dispos[ing] of" petitioners' state law claims (*Berardino v Ochlan*, 2 AD3d 556, 557). Pursuant to the Power Authority Act (Public Authorities Law § 1000 *et seq.*), PASNY "shall have the powers and duties . . . enumerated [therein], together with such others as may [thereafter] be conferred upon it by law" (§ 1002 [1]) and, here, the PASNY respondents submitted budget legislation expressly authorizing each of the challenged payments (*see* L 2009, ch 2, part A, § 2; L 2008, ch 59, part Y, § 7; part DD, § 1; L 2008, ch 57, part RR, § 11-a). To the extent that the budget legislation authorizing PASNY to make specified contributions to the State's general fund conflicts with any provision of the Power Authority Act, we agree with the PASNY respondents that the latter must yield to the former. "It is . . . a general rule of [statutory] construction that a prior general statute yields to a later specific or special statute" (*Erie County Water Auth. v Kramer*, 4 AD2d 545, 550, *affd* 5 NY2d 954; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 397; *County of Nassau v Town of Hempstead*, 84 AD2d 557, *lv dismissed* 55 NY2d 603, 606, 747, 921, 1037, *appeal dismissed* 56 NY2d 1031). Here, the budget bills are "not only the more specific statutory command[s], inasmuch as [they were] enacted specifically to provide for [the challenged payments], but [they are] also the later-enacted statute[s] vis-à-vis [Public Authorities Law § 1005 (5)]" (*People v Zephrin*, 14 NY3d 296, 301). Furthermore, each of the bills contains the phrase "[n]othwithstanding any provision of law to the contrary" or "[n]otwithstanding any law to the contrary," which is "the verbal formulation frequently employed for legislative directives intended to preempt any other potentially conflicting statute, wherever found in the State's laws" (*People v Mitchell*, 15 NY3d 93, 97).

Petitioners allege that the payments are unlawful because any and all surplus revenues of PASNY must be utilized to provide the "lowest possible rates" to residential consumers (Public Authorities Law § 1005 [5]). Indeed, the amended petition alleges that the court should "order[ PASNY] to use any surplus from its operations relating to the Niagara Project for the benefit of residential consumers by *lowering their rates below actual costs*" (emphasis added). The statute does not, however, require PASNY to reduce their rates below cost (*see Auer v Dyson*, 125 Misc 2d 274, 277, *affd* 112 AD2d 803; *Auer v Dyson*, 110 Misc 2d 943, 949). Indeed, so long as PASNY is providing preference power at cost, i.e., "at prices representing cost of generation, plus capital and operating charges, plus a fair cost of transmission . . . [in order to] assure the resale of such power to domestic and rural consumers at the lowest possible price" (§ 1005 [5]), PASNY has fulfilled its statutory mandate and there is nothing in the Public Authorities Law prohibiting it from contributing surplus funds to the State (*see Auer*, 110 Misc 2d at 949).

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court