# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**135**

**CA 11-01472**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

R. BROOKS ASSOCIATES, INC., PLAINTIFF-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

HARTER SECREST & EMERY LLP, DEFENDANT-APPELLANT.

---

GEIGER AND ROTHENBERG, LLP, ROCHESTER (DAVID ROTHENBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.

ROEMER WALLENS GOLD & MINEAUX, LLP, ALBANY (MATTHEW J. KELLY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered April 4, 2011 in a legal malpractice action. The order denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Defendant appeals from an order denying its motion for summary judgment dismissing the complaint in this legal malpractice action. We agree with defendant that the action is time-barred, and we therefore reverse the order, grant the motion and dismiss the complaint.

Pursuant to CPLR 214 (6), an action to recover damages for legal malpractice must be commenced within three years of accrual. A legal "malpractice claim accrues 'when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court' " (*Guerra Press, Inc. v Campbell & Parlato*, *LLP*, 17 AD3d 1031, 1032, quoting *Ackerman v Price Waterhouse*, 84 NY2d 535, 541). Here, defendant met its initial burden on the motion by submitting evidence establishing that the alleged malpractice occurred, at the latest, on August 3, 1999 and thus that the action was time-barred when commenced on May 4, 2004.

In opposition to the motion, plaintiff failed to raise a triable issue of fact whether the continuous representation doctrine applied to toll the statute of limitations (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Pursuant to that doctrine, the running of the limitations period is tolled during the time that an attorney continues to represent a client on the matter that is the subject of the malpractice action because the client must be able "to repose

confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered" (*Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 9 [internal quotation marks omitted]).  The doctrine tolls the limitations period "where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d 295, 306), and " 'where the continuing representation pertains specifically to [that] matter' " (*International Electron Devices [USA] LLC v Menter, Rudin & Trivelpiece, P.C.*, 71 AD3d 1512, 1513, quoting *Shumsky v Eisenstein*, 96 NY2d 164, 168; *see Chicago Tit. Ins. Co. v Mazula*, 47 AD3d 999, 1000).

Here, although plaintiff submitted bills from defendant for legal work performed within three years of the commencement of the action, it failed to establish that the bills were for work on the matter that was the subject of the alleged malpractice.  Indeed, the evidence submitted by defendant established that the last work that it performed for plaintiff with respect to the subject of the alleged malpractice occurred in January or February 2001, and plaintiff failed to submit evidence raising a triable issue of fact whether the work performed after that time was related to the alleged malpractice.  We therefore conclude that the evidence submitted by plaintiff established no "more than simply an extended general relationship between the [parties]" (*Zaref v Berk & Michaels*, 192 AD2d 346, 348).  Such evidence is insufficient to raise a triable issue of fact whether "(1) plaintiff[] and defendant . . . were acutely aware of the need for further representation[ concerning the subject of the alleged malpractice,] i.e., they had a mutual understanding to that effect[], and (2) plaintiff[ was] under the impression that defendant . . . was actively addressing [its] legal needs" with respect to the subject of the alleged malpractice (*Williamson*, 9 NY3d at 10).  Consequently, the doctrine of continuous representation does not apply, and Supreme Court erred in denying the motion (*see Gotay v Brietbart*, 12 NY3d 894; *see generally Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 295-297).

Defendant's remaining contentions are moot in light of our determination.

Entered:  January 31, 2012                     Frances E. Cafarell
                                               Clerk of the Court