# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**478**

**CA 14-02011**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

SCOTT M. HARVEY, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

HANDELMAN, WITKOWICZ AND LEVITSKY, LLP,
STEVEN M. WITKOWICZ AND STEVEN B. LEVITSKY,
DEFENDANTS-RESPONDENTS.

---

DIFILIPPO, FLAHERTY & STEINHAUS, PLLC, EAST AURORA (ROBERT D.
STEINHAUS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

DUGGAN & PAWLOWSKI LLP, BUFFALO (JAMES J. DUGGAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 18, 2014. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint to the extent it seeks damages with respect to defendants' representation of plaintiff in the underlying personal injury action against the County of Orleans and Nicole M. Gaulin in her individual capacity and official capacity as an employee of the County of Orleans, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action seeking damages for the alleged negligence of defendants in their representation of him in a personal injury action arising from a motor vehicle accident that occurred on March 27, 2007. In September 2007, defendants commenced the underlying personal injury action on plaintiff's behalf against Nicole Gaulin, the owner and driver of the other vehicle involved in the accident. Subsequently, defendants, on plaintiff's behalf, moved for permission to file a late notice of claim on Gaulin's employer, the County of Orleans (County), and on the Kendall Central School District (District), the district to which Gaulin was providing services on behalf of the County. That motion was granted by Supreme Court, and the County and the District appealed. We modified the order by affirming that part of the order granting leave to file a notice of claim and by deleting that part of the order which added the County and the District as defendants to the action (*Harvey v Gaulin* [appeal No. 2], 68 AD3d 1789).

During the pendency of the prior appeal, a notice of claim was served on the County and the District, and an examination pursuant to General Municipal Law § 50-h was conducted.  The amended complaint adding the County and the District as defendants was filed on March 4, 2010.

By order dated March 21, 2011, the court granted the motions of the County and the District to dismiss the amended complaint against them as time-barred.  No appeal was taken from the March 21, 2011 order.  On April 17, 2011, plaintiff filed a consent to change of attorney and defendants' representation of plaintiff ceased.

By order dated November 7, 2011, the court granted the motion of Gaulin's estate, substituted pursuant to CPLR 1015, for summary judgment dismissing the amended complaint against it for, inter alia, failure to serve Gaulin with a notice of claim.  No appeal was taken from that order.

Plaintiff then commenced this legal malpractice action alleging, inter alia, that defendants were negligent in failing to timely commence an action against the County and the District and in failing to serve Gaulin with a notice of claim.  Plaintiff's complaint also stated causes of action for fraud, breach of contract, and violation of Judiciary Law § 487.  The court subsequently granted defendants' motion for summary judgment dismissing the complaint in this action in its entirety on the basis that any negligence on defendants' part was not the proximate cause of plaintiff's injury.

We note at this juncture that plaintiff has abandoned any issues related to the District (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  To establish a cause of action for legal malpractice, "a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care" (*Phillips v Moran & Kufta, P.C.*, 53 AD3d 1044, 1044-1045 [internal quotation marks omitted]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442).  "In order to prevail on a motion for summary judgment seeking dismissal of a complaint for legal malpractice, a defendant must establish that the plaintiff is unable to prove at least one necessary element of the legal malpractice action, i.e., that the plaintiff is unable to prove that he or she would have been successful on the underlying claim but for [the defendant's] negligence" (*Giardina v Lippes*, 77 AD3d 1290, 1291 [internal quotation marks omitted], *lv denied* 16 NY3d 702).  Where a client fails to pursue an appeal in an underlying action, in order to determine whether the failure to pursue an appeal, as opposed to defendants' negligence, was the proximate cause of the client's injury, we must determine whether an appeal in the underlying action was "likely to succeed" (*Grace v Law*, 24 NY3d 203, 210).

Here, we conclude that defendants failed to meet their burden to establish as a matter of law that any alleged negligence on their part

resulting in the March 21, 2011 order dismissing of the amended complaint against the County was not a proximate cause of plaintiff's damages (see *Grace v Law*, 108 AD3d 1173, 1176, *affd* 24 NY3d 203). Thus, the court erred in granting the motion with respect to plaintiff's causes of action arising out of defendants' handling of the underlying personal injury action against the County. In support of their motion for summary judgment, defendants' own submissions established that the action against the County was commenced 51 days after the expiration of the limitations period. While the statute of limitations set forth in General Municipal Law § 50-i was tolled from the time plaintiff commenced the proceeding to obtain leave to file a late notice of claim until the order granting that relief went into effect (see *Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 74), the order granting such leave was effective when entered (see *Toro v City of New York*, 271 AD2d 523, 523-524, *lv denied* 96 NY2d 705), and the appeal from that order provided no further toll (see *Dublanica v Rome Hosp./Murphy Mem. Hosp.*, 126 AD2d 977, 977, *lv denied* 70 NY2d 605). Thus, the limitations period expired on December 10, 2008, and the amended complaint adding the County was not timely when filed on March 4, 2010 (see generally *Ambrus v City of New York*, 87 AD3d 341, 345). We therefore further conclude that an appeal from the order dismissing the action against the County on limitations grounds had no likelihood of success.

Plaintiff also contends that the court erroneously granted summary judgment to defendants because an appeal from the November 7, 2011 order granting Gaulin's estate summary judgment based upon a failure to serve Gaulin with a notice of claim was not likely to succeed. We agree. The court dismissed the action against Gaulin's estate on the ground that Gaulin was not served with a notice of claim in her official capacity as a County employee. However, defendants did not oppose the motion of Gaulin's estate on that ground. Thus, defendants failed to preserve for our review the issue for any possible appeal by plaintiff and/or his substitute counsel (see *Antokol & Coffin v Myers*, 30 AD3d 843, 845; *Crawford v Windmere Corp.*, 262 AD2d 268, 269). We therefore conclude that any appeal of the dismissal on this issue was not likely to succeed, and "defendants failed to establish as a matter of law that any negligence on their part was not a proximate cause of plaintiff's damages" (*Grace*, 108 AD3d at 1176). We further note that, in moving for summary judgment, defendants did not raise the issue whether an appeal from the dismissal of the amended complaint against Gaulin in her individual capacity would have been "likely to succeed." Nonetheless, the court dismissed the complaint in its entirety. That too was error (see generally *Kuhl v Piatelli*, 31 AD3d 1038, 1039; *Clarke v Davis*, 277 AD2d 902, 902). We therefore modify the order by denying the motion insofar as it sought dismissal of plaintiff's claims regarding defendants' representation of plaintiff in the underlying personal injury action against the County and Gaulin, in both her official and individual capacities, and we reinstate the complaint to that extent.

Plaintiff's remaining contentions have been rendered academic by

our determination.

Entered:  July 2, 2015                    Frances E. Cafarell
                                          Clerk of the Court