# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

418

CA 16-01496

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, AND TROUTMAN, JJ.

ALISON M. CARBONE, PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

JON W. BRENIZER AND MACHT, BRENIZER &
GINGOLD, P.C., DEFENDANTS-RESPONDENTS.

BRINDISI, MURAD, BRINDISI & PEARLMAN, LLP, UTICA (EVA BRINDISI PEARLMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NICOLE MARLOW-JONES OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Deborah H. Karalunas, J.), entered December 3, 2015. The order granted the motion of defendants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this legal malpractice action alleging that defendants did not advise her properly during settlement negotiations in the underlying matrimonial action. In her complaint, plaintiff alleged that defendants conducted no investigation into her ex-husband's financial assets and instead advised her to settle the action, assuring her that the initial settlement offer was the best offer she would receive. She further alleged that defendants' representation fell below the ordinary and reasonable skill and knowledge commonly possessed by members of the legal profession and that, but for defendants' negligent representation, she would have obtained a more equitable distribution of the marital assets.

We agree with plaintiff that Supreme Court erred in granting defendants' motion to dismiss to the extent they relied on CPLR 3211 (a) (1). A court may grant such a motion "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mut. Life Ins. Co. of N.Y.*, 98 NY2d 314, 326; *see Vassenelli v City of Syracuse*, 138 AD3d 1471, 1473). In an action alleging legal malpractice during the course of an underlying action that resulted in a settlement, "the focus becomes whether 'settlement of the action was effectively compelled by the mistakes of counsel' " (*Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP v Wilson*, 136 AD3d 1326, 1328, *lv*

*dismissed* 28 NY3d 942).  In her affidavit in opposition to the motion, plaintiff stated that defendants advised her that an investigation into her ex-husband's financial assets would be a costly and lengthy process, but did not explain that she could apply to the court for her ex-husband to bear the costs of the investigation.  As a result, plaintiff was convinced that she could not afford to conduct an investigation and settled the matter without knowing what she was giving up.  Thus, although the settlement agreement in the underlying action contained a comprehensive waiver of plaintiff's rights, we conclude that the language of that waiver does not conclusively establish that plaintiff was not effectively compelled to settle by defendants' allegedly deficient representation (*see Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756, 757; *see generally* CPLR 3211 [a] [1]).

To the extent that defendants moved in the alternative to dismiss the action as barred by the three-year statute of limitations for legal malpractice actions (*see* CPLR 214 [6]; 3211 [a] [5]), we agree with plaintiff that defendants are not entitled to that alternative relief.  " 'The continuous representation doctrine tolls the statute of limitations . . . where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim' " (*Zorn v Gilbert*, 8 NY3d 933, 934; *see R. Brooks Assoc., Inc. v Harter Secrest & Emery LLP*, 91 AD3d 1330, 1331).  Regardless of when plaintiff's claim accrued, defendants' representation of plaintiff in the underlying action ended, at the earliest, upon entry of the judgment of divorce in June 2014 (*see Zorn*, 8 NY3d at 934; *Gaslow v Phillips Nizer Benjamin Krim & Ballon*, 286 AD2d 703, 706, *lv dismissed* 97 NY2d 700).

Entered:  March 31, 2017                        Frances E. Cafarell
                                                Clerk of the Court