Matter of Sigourney v Santaro (2021 NY Slip Op 01591)





Matter of Sigourney v Santaro


2021 NY Slip Op 01591


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


214 CAF 20-00827

[*1]IN THE MATTER OF MICHELLE SIGOURNEY, PETITIONER-RESPONDENT,
v
MICHAEL SANTARO, RESPONDENT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT. 
ALDERMAN & ALDERMAN, SYRACUSE (RICHARD B. ALDERMAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered December 31, 2019 in a proceeding pursuant to Family Court Act article 4. The order, among other things, dismissed the objections of respondent to the determination of the Support Magistrate and granted in part the objections of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously reversed in the exercise of discretion without costs, respondent's objections are reinstated and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, respondent appeals from an order that, among other things, granted in part petitioner's objections to a determination of the Support Magistrate, and dismissed respondent's objections on the ground that respondent failed to timely file proof of service of his objections upon petitioner. We reverse.
Family Court Act § 439 (e) provides that a party filing objections to the determination of the Support Magistrate must serve those objections upon the opposing party, and that proof of service "shall be filed with the court at the time of filing of objections." Here, the record indicates that respondent timely filed his objections and served a copy of those objections upon petitioner on the same day, but respondent failed to file proof of service with Family Court until two days later.
Under the particular circumstances of this case, we substitute our discretion for that of Family Court and conclude that dismissal of respondent's objections is not warranted (see generally Hawe v Delmar, 148 AD3d 1788, 1789 [4th Dept 2017]). Although respondent failed to comply with the statutory deadline for filing proof of service, " '[s]trict adherence to this deadline is not required,' " and courts have " 'discretion to overlook a minor failure to comply with the statutory requirement' " (Matter of Hobbs v Wansley, 143 AD3d 1138, 1139 [3d Dept 2016]). Here, there is no dispute that petitioner was not prejudiced by the late filing inasmuch as she was served with a copy of respondent's objections within the statutory time period (see Family Ct Act § 439 [e]). Indeed, the record shows that petitioner filed a rebuttal to respondent's objections. Thus, we reverse the order, reinstate the objections of respondent, and remit the matter to Family Court for further proceedings on the objections.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court