Santaro v Finocchio (2023 NY Slip Op 05836)

Santaro v Finocchio

2023 NY Slip Op 05836

Decided on November 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, OGDEN, AND NOWAK, JJ.

724 CA 22-01583

[*1]MICHAEL SANTARO, PLAINTIFF-APPELLANT,
v
VINCENT J. FINOCCHIO, JR., VINCENT J. FINOCCHIO, JR., P.C., AND FINOCCHIO & ENGLISH, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 

THE ARQUETTE LAW FIRM, PLLC, CLIFTON PARK (ALEXANDRA J. BUCKLEY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CABANISS CASEY LLP, ALBANY (DAVID B. CABANISS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered May 31, 2022. The order granted plaintiff's motion for leave to reargue, and upon reargument, adhered to a prior order granting defendants' motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this legal malpractice action, plaintiff seeks damages for the alleged negligence of defendants in their representation of him in a proceeding pursuant to Family Court Act article 4. As alleged in the complaint in this action, defendants prepared and timely filed objections to the Support Magistrate's order in the Family Court proceeding on August 19, 2019. Although defendants possessed an affidavit of mailing sworn to on August 19, 2019, detailing service of the objections that same day, defendants did not file the affidavit of mailing until two days later, on August 21, 2019.
Family Court sua sponte dismissed the objections based upon defendants' failure to strictly comply with Family Court Act § 439 (e) by failing to file proof of service at the same time as the objections. However, on appeal, this Court reversed, reinstated the objections, and remitted the matter to Family Court for further proceedings on the objections, holding that "[s]trict adherence to this deadline is not required" and that, under the circumstances, dismissal of the objections was not warranted (Matter of Sigourney v Santaro, 192 AD3d 1482, 1483 [4th Dept 2021] [internal quotation marks omitted]). In so holding, this Court noted that there was no dispute that the two-day delay did not result in any prejudice inasmuch as the petitioner in the Family Court proceeding was served with a copy of the objections within the statutory time period (see id.).
Plaintiff then commenced this action, seeking damages arising from the additional litigation expenses allegedly caused by defendants' two-day delay in filing proof of service. Defendants moved to dismiss the complaint, and Supreme Court, inter alia, granted that motion. Plaintiff thereafter moved for leave to reargue his opposition to defendants' motion to dismiss the complaint. The court granted the motion for leave to reargue but, upon reargument, adhered to its original determination. Plaintiff now appeals, in appeal No. 1, from the court's original order and appeals, in appeal No. 2, from the order entered upon reargument.
As an initial matter, we note that appeal No. 1 must be dismissed inasmuch as the order in that appeal was superseded by the order in appeal No. 2 (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
With respect to appeal No. 2, it is well settled that, "[t]o establish a cause of action for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care" (Harvey v Handelman, Witkowicz & Levitsky, LLP, 130 AD3d 1439, 1441 [4th Dept 2015] [internal quotation marks omitted]; see Leder v Spiegel, 9 NY3d 836, 837 [2007], cert denied 552 US 1257 [2008]). On a motion pursuant to CPLR 3211 (a) (7), a cause of action for legal malpractice is properly dismissed where the conduct alleged in the complaint, "even if accepted as true[,] does not establish negligence" (Leder, 9 NY3d at 837; see generally Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847 [2d Dept 2012], lv denied 20 NY3d 857 [2013]).
Although Family Court may properly dismiss objections for failure to comply with Family Court Act § 439 (e) under some circumstances (see generally Matter of Minka v Minka, 219 AD2d 810, 810-811 [4th Dept 1995]), strict compliance with the statute is not always required (see Sigourney, 192 AD3d at 1483). Here, the complaint alleged that defendants timely filed the objections, possessed an affidavit of mailing detailing proper service on the day of filing, and delayed just two days in filing proof of service, and the complaint also alleged that opposing counsel filed a rebuttal. Contrary to plaintiff's contention, the allegations in the complaint do not support even an inference that any prejudice was caused by the two-day delay, nor do they support any inference that such delay would warrant dismissal of the objections by Family Court. Consequently, we conclude that plaintiff's allegations, even if accepted as true, fail to allege a prima facie case of legal malpractice (see CPLR 3211 [a] [7]; Leder, 9 NY3d at 837).
In light of our determination, plaintiff's remaining contention is academic.
Entered: November 17, 2023
Ann Dillon Flynn
Clerk of the Court