Claude Mayo Constr. Co., Inc. v Barclay Damon LLP (2025 NY Slip Op 03897)

Claude Mayo Constr. Co., Inc. v Barclay Damon LLP

2025 NY Slip Op 03897

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

357 CA 24-00236

[*1]CLAUDE MAYO CONSTRUCTION CO., INC., PLAINTIFF-APPELLANT,
v
BARCLAY DAMON LLP, DEFENDANT-RESPONDENT. 

TIVERON LAW PLLC, AMHERST (EDWARD P. YANKELUNAS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HAGERTY & BRADY, BUFFALO (MICHAEL A. BRADY OF COUNSEL), AND BARCLAY DAMON LLP, SYRACUSE, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered January 16, 2024. The order granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against defendant asserting three causes of action, for legal malpractice, violation of Judiciary Law § 487, and fraudulent concealment, respectively. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Supreme Court granted defendant's motion. Plaintiff appeals, and we affirm.
We initially note that plaintiff has not raised any contentions in its brief concerning its third cause of action, for fraudulent concealment, and we conclude that plaintiff has therefore abandoned any contentions concerning its dismissal (see Cassatt v Zimmer, Inc., 161 AD3d 1549, 1550 [4th Dept 2018]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
When considering a motion to dismiss the complaint pursuant to CPLR 3211, "the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87 [1994], citing CPLR 3026). The court must give "every possible favorable inference" to a plaintiff and accept the allegations contained in the complaint as true (id.). In evaluating whether a complaint should be dismissed pursuant to CPLR 3211 (a) (7) in a case where the court has considered evidentiary material in support of or in opposition to the motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one" (Leon, 84 NY2d at 88 [internal quotation marks omitted]). "[B]are legal conclusions and factual claims [that] are flatly contradicted by the evidence [proffered by the moving party] are not presumed to be true on a motion to dismiss for failure to state a cause of action" (Matter of Niagara County v Power Auth. of State of N.Y., 82 AD3d 1597, 1599 [4th Dept 2011], lv dismissed in part & denied in part 17 NY3d 838 [2011] [internal quotation marks omitted]; see generally Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]).
" '[T]o recover damages for legal malpractice, a [client] must prove (1) that the [law firm] failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the [client] would have been successful in the underlying action had the [law firm] exercised due care' " (Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP v Wilson, 136 AD3d 1326, 1327 [4th Dept 2016], lv dismissed 28 NY3d 942 [2016]; see Harvey v Handelman, Witkowicz & Levitsky, LLP, 130 AD3d 1439, 1441 [4th Dept 2015]). The fact that an action results in a settlement "does not, per [*2]se, preclude a legal malpractice action" (Chamberlain, 136 AD3d at 1328). Where there is a settlement, however, "the focus becomes whether settlement of the action was effectively compelled by the mistakes of counsel" (Carbone v Brenizer, 148 AD3d 1806, 1806 [4th Dept 2017] [internal quotation marks omitted]).
We conclude that defendant's evidentiary submissions on its motion conclusively established that plaintiff has no cause of action for legal malpractice (see generally Rovello, 40 NY2d at 636). Defendant submitted evidence of a favorable settlement in the underlying suit, and that evidence "flatly contradicts" plaintiff's conclusory allegations to the effect that the settlement was compelled by the mistakes of counsel (Olszewski v Waters of Orchard Park, 303 AD2d 995, 995 [4th Dept 2003] [internal quotation marks omitted]; see generally Niagara County, 82 AD3d at 1599).
Finally, even assuming, arguendo, that Judiciary Law § 487 is applicable where, as here, the alleged misconduct takes place in connection with an action in federal court (cf. Delaney v HC2, Inc., 761 F Supp 3d 641, 664 [SD NY 2025]; SGM Holdings LLC v Andrews, 743 F Supp 3d 545, 584 [SD NY 2024]), we conclude that the complaint lacks the particularity required for a Judiciary Law § 487 cause of action inasmuch as it contains no facts to support plaintiff's conclusory allegations that defendant willfully delayed the proceedings or engaged in a chronic pattern of deceptive conduct (see Pieroni v Phillips Lytle LLP, 140 AD3d 1707, 1710 [4th Dept 2016], lv denied 28 NY3d 901 [2016]; cf. Joseph v Fensterman, 204 AD3d 766, 767 [2d Dept 2022]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court